

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jack Borden
County Attorney
Weatherford, Texas

Dear Sir:

Opinion No. 0-3680
Re: Power of Commissioners'
Court to declare a previous
assessment void and to back-
assess the property at re-
duced values under given
facts.

In your letter of June 10, 1941, you submit
certain explanatory facts and request our opinion in
response to two questions as follows:

"The Commissioners Court of this county,
in times past, have granted reductions of
property valuations where the taxes thereon
are delinquent, and, where an office assess-
ment was made of the property. This office
was not asked for an opinion until the past
few days, when a party who had been granted
such reduction by the court came to the Tax
Assessor's office and tendered payment of
such taxes under such reductions and, demand-
ed the deduction therefrom of penalties, re-
cently provided for by the Legislature, in
House Bill 76.

"I would like to have an opinion on the
following questions:

"(1) In a case where the owner of prop-
erty does not sign a rendition for the same,
but said property is assessed by the Tax
Assessor and Collector and placed on the rolls
at such assessment, in the name of the last
known owner, and the tax rolls are approved
by the Board of Equalization over a period

Honorable Jack Borden, Page 2

of several years, under such practice can the Commissioners Court, upon application of the heirs, or a purchaser of such property, under authority of Article 7350, legally reduce the assessed valuation of such property for the years the taxes are delinquent?

"(2) If the above question is answered in the affirmative, then would the owner or owners of such property be entitled to pay the delinquent taxes of said real estate on the values fixed by the Commissioners Court in it's reductions, plus the 6% interest, as provided in House Bill No. 76 of the 47th Legislature."

From your letter we gather that the only possible irregularity claimed in connection with the making with the assessment is that it was an office assessment, which we presume is that the Tax Assessor did not call at the property owner's residence or place of business for the purpose of obtaining a list of the taxpayer's property. If this constituted an irregularity we are of the opinion that such irregularity was not of such materiality as to make the assessment void. From the opinion of the Austin Court of Civil Appeals in Millers' Mutual Fire Insurance Company v. Austin, 201 S. W. 825, we quote:

"The sixth and eleventh assignments of errors are not supported by a statement sufficient to call for consideration. If the exception of which mention is made was ever considered and passed upon by the trial court, the statement fails to reveal it. We are not called upon to search the record to supplement the statement. However, the tenth assignment is as to a finding by the court to the effect that notice was not given to appellant by appellee that the property was placed on the assessment rolls, and that would probably be sufficient. It is not claimed that the value of the property was improperly assessed or that any injury was suffered from the failure to give notice. Appellant has no cause for complaint on account of lack of notice. As said by Cooley (page 60):

354

> "'Where a law imposes a tax or assessment upon property according to its value, notice of every step in the tax proceedings is not necessary; the owner is not deprived of property without due process of law if he has an opportunity to question the validity or the amount of such tax or assessment either before that amount is finally determined or in subsequent proceedings for its collection.'"

See also Pfeiffer v. City of San Antonio, 195 S. W. 932, and City of Houston v. Stewart, 90 S. W. 49. We also refer to Article 7193, Revised Civil Statutes, reading as follows:

> "In all cases of failure to obtain a statement of real and personal property from any cause, the assessor of taxes shall ascertain the amount and value of such property and assess the same as he believes to be the true and full value thereof; and such assessment shall be as valid and binding as if such property had been rendered by the proper owner thereof."

In our opinion No. 0-1462 we expressed the view that if and insofar as Article 7350, Revised Civil Statutes, attempts to allow a reassessment of taxes by the commissioners' court on unknown and unrendered property, which assessment was not originally void, the same is unconstitutional, but that insofar as such Article purports to allow a reassessment in cases where the original assessment was void the same is constitutional. We have already said that in our opinion the assessment in which you are interested was not originally void. Hence our answer to your first question is a negative one, making it unnecessary to answer your other question. We enclose copy of our opinion No. 0-1462, and note from your letter that you already have a copy of our opinion No. 0-930 in which we held that Article 7345b, Vernon's Annotated Civil Statutes, is unconstitutional.

JUN 1, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:LM
ENCLOSURE

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis
Glenn R. Lewis
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN